1839.

PENTZ
v.
THE RECEIVERS
OF THE ÆTNA
FIRE INS. CO.

In the matter of the petition of PENTZ and others *v.* THE RECEIVERS OF THE ÆTNA FIRE INSURANCE COMPANY.

Where premises and merchandize were destroyed by gunpowder, under the city authorities, to stop the ravage of fire and the owners, who were insured, claimed and obtained a verdict through a jury against the corporation; although it amounted to less than the insurance and absolute loss: *It was held,*. that the owners could not resort to the Insurance Company for a balance and that the jury must be presumed to have passed on the whole amount.

A PETITION had been presented by William A. F. Pentz, Frederick Pentz and John Pentz against the receivers of the Ætna Fire Insurance Company of New-York. By this petition it appeared that the petitioners had effected an insurance, in the name of their firm of Pentz & Co., with the said Company, to the amount of twelve thousand dollars on stores Nos. 55 and 57 Water street in the city of New-York; and also, an insurance on their merchandize and other articles contained therein to the amount of ten thousand dollars.

*August 29, 1839.*

*Insurance.*
*Election.*

The stores and the merchandize were destroyed by the great fire, which happened in New-York on the sixteenth day of December, one thousand eight hundred and thirty-five. These insurers gave notice of loss; and sent in their preliminary proof. In consequence of inability to pay claims, the Ætna Company became insolvent; and receivers were appointed under the act entitled " An act for the more convenient adjustment of the affairs of certain insurance companies in the city of New-York rendered insolvent by the late fire in that city." Passed 18th January, 1836.

The company, through the receivers, had paid a general dividend; and reserved a sum (at the rate of such dividend) to meet the petitioner's claim, provided the court should decide it to be a just one.

It appeared that the loss arose from the destruction of the stores and merchandize by gunpowder, introduced, by order of the mayor and two aldermen of the city, to stay the progress of the fire.

1839.

PENTZ
v.
THE RECEIVERS
OF THE ÆTNA
FIRE INS. CO.

The loss was alleged to be thirty thousand three hundred and forty-seven dollars and ninety-nine cents or thereabouts on the stores and eighteen thousand five hundred and thirty-seven dollars and eighty-two cents on the merchandize, making a total loss of sixty thousand eight hundred and sixty-four dollars and fifty cents or thereabouts.  In consequence of the loss having been thus occasioned by the city authorities, a precept was issued and a jury thereunder summoned to assess the damages of the petitioners.  (See § 81 of the act particularly relating to the city of New York, 2 R. L. 368 ; also, the cases of *The Mayor, &c. of New York* v. *Lord,* 17 Wend. 285 ; *Same* v. *Stone,* 20 Ib. 139.)  After the jury had been several days engaged in hearing the case, they assessed the damages of the petitioners, as against the corporation, at only thirty-nine thousand four hundred and seventy-six dollars and fifty cents, leaving a large balance to make up the total of loss.

The petitioners claimed against the receivers of the company for all balance (so far as dividends would go ;) and asked for a reference under the act (2 R. S. 45) to adjust the sum due and that such receivers might pay on the amount to be found by the referees.

An order of reference was granted.

The referees reported that the petitioners had sustained a loss to the full amount of their policies, amounting to twenty-two thousand dollars and that the same was payable on the twenty-fifth day of May in the year one thousand eight hundred and thirty-six ; and that there was then due to the said petitioners, from the Ætna Fire Insurance Company or the receivers thereof, the sum of twenty-six thousand nine hundred and forty-five dollars.

The matter of this report now came before the court.

Mr. *Hawes,* for the petitioners.

Mr. *Gerard* and Mr. *Woodhull,* for the receivers.

*Feb.* 25, 1840.

THE VICE-CHANCELLOR :—In making the order, directing the receivers either to adjust the loss claimed by the petitioners and give them a certificate or to proceed and appoint referees according to the statute, the court did not intend to pass

upon the rights of the parties ; but only to put those rights in
a train for adjudication upon the coming in of a report of re-
ferees, when the question, whether the petitioners were to be
admitted as creditors of the fund in the hands of the receivers
and if so for what amount, could be properly presented.    That
question is now before the court.

It is objected that they are not creditors of the company and
can have no claim for a loss upon the policies, because the loss
did not arise from the perils insured against : the buildings
having been blown up by gunpowder and because it was a
mode of taking the property for public good agreeably to law,
upon a just compensation to be made for the same, which put
an end to the contract of insurance and left the owners to seek
their recompense elsewhere for the loss or deprivation of their
property.

By proceeding, as the petitioners have done, against the
corporation of the city of New-York and procuring their dam-
ages to be assessed, they have established the fact that their
buildings were blown up or destroyed by order of the magis-
trates, so as to give them a right to claim compensation from
the corporation of the city.    And, according to the decisions in
similar cases which have preceded, this could only be done
upon satisfying the jury that the building would not inevitably
have been destroyed by the fire.    Still, the Supreme Court
have decided recently, in the case of *The City Fire In-
surance Company* v. *Corlies*, (21 Wend. 367,) that the
underwriters are liable to the assured upon the policy for
the loss occasioned by the introduction of gunpowder into
the building and the blowing of it up by order of the mayor,
with the consent and concurrence of two aldermen, though, at
the same time, the corporation were liable under the statute ;
and this opinion intimates that if the insurers pay, they may
have an action over in the name of the assured to recover the
money from the corporation.

But the present case does not rest here ; and is not now to
be determined on that ground.    The petitioners having pro-
ceeded against the corporation and had their damages assessed,
the question now is, whether they can have additional com-
pensation for their loss against the underwriters ?

They disclaim seeking a double compensation ; and insist

1839.

PENTZ
*v.*
THE RECEIVERS
OF THE ÆTNA
FIRE INS. CO.

that the amount of thirty-nine thousand four hundred and seventy-six dollars, found by the inquisition of the jury against the corporation, is insufficient to cover their actual loss by just about the amount of their insurance—and hence that they are entitled to stand as creditors of the insurance company for the whole amount of the policies in addition to what they receive from the public treasury. But the difficulty is, about admitting evidence to gainsay the finding of the jury. The petitioners claimed the full amount of their loss ; and it was the duty of the jury to give it to them. The jury had no right to take into consideration the fact or amount of insurance by way of diminishing their claim on the corporation. There is no direct or positive proof that the jury did so. This court must presume that the jurors performed their duty and allowed the whole amount of the loss proved before them, especially as the petitioners have so far acquiesced in the verdict or inquisition, as to take no measures to set aside or to alter it. How, then, can this court say it was an insufficient finding ? It seems to me that such verdict must be regarded as conclusive on the petitioners as to the amount of loss sustained by them.

If the verdict is not conclusive on this point and the petitioners are still at liberty to claim beyond or in addition to it upon the policies of insurance, then this consequence is to follow : that the corporation of the city of New-York, after once paying all the damages that a jury have found against them and which was intended to cover the whole loss, may be liable to pay an additional amount in an action against them in behalf of the insurers—for I think it can hardly admit of a doubt that whatever sum the underwriters may be compelled to pay upon their contract of insurance for a loss occasioned in such a way as to render the city liable, the corporation are liable to reimburse to the insurer.

In the *Ætna Insurance Company* v. *Tyler*, 16 Wend. 397, 398, the Chancellor has well considered the law on this point of substitution or subrogation and expressed a decisive opinion in favor of the remedy over. It certainly cannot be that, after the corporation have once paid as for a total loss, judicially ascertained, that they can be liable over again in a collateral subsequent action; and if the insurers can-

not have a perfect remedy over against the city corporation, then the latter ought not to be made to pay any additional sum.

The referees do not, indeed, report that the petitioners have sustained a loss beyond the sum of thirty-nine thousand four hundred and seventy-six dollars. They merely find that the petitioners sustained a loss to the full amount of the two policies, namely, twenty-two thousand dollars, which was payable on the twenty-fifth of May, one thousand eight hundred and thirty-six and that that sum, with interest included, amounting to twenty-six thousand nine hundred and forty-five dollars, is now due from the insurance company or the receivers thereof.

But, from the view I entertain of this case, the petitioners cannot be admitted to come in and take a dividend as creditors of the company and, at the same time, receive the amount awarded to them against the city corporation. If they are permitted to receive a dividend now, they must consent to receive it on account of the thirty-nine thousand four hundred and seventy-six dollars, so that the company may receive it back again from the corporation. To prevent this circuity and as the case now stands, the motion for an order upon the receiver must, for the present, be denied.